# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 30, 2008

133292

CREDIT ACCEPTANCE CORPORATION,
            Plaintiff-Appellee,

v

46TH DISTRICT COURT,
            Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133292
COA: 262404
Oakland CC: 2005-063349-AS

On April 9, 2008, the Court heard oral argument on the application for leave to appeal the January 16, 2007 judgment of the Court of Appeals.  On order of the Court, the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we AFFIRM the judgment of the Court of Appeals, and make the following additional observations.  MCR 3.101(D) requires compliance with MCR 2.114, and MCR 2.114(E) permits *the court* to order "appropriate sanctions" when a party violates MCR 2.114.  The court's authority to sanction parties cannot be delegated to the court clerks.  See *In re Huff*, 352 Mich 402, 415-416 (1958) (holding that the contempt power is "inherent and a part of the judicial power of constitutional courts"); Const 1963, art. 3, § 2; Const 1963, art 6, § 1 ("The judicial power of the state is vested *exclusively* in one court of justice . . . .") (emphasis added).  Here, Chief Judge Stephen C. Cooper sent an internal memorandum authorizing court clerks to return deficient writs of garnishment "where there has been a clear procedural or administrative error."  Acting on that authorization, the defendant's clerks rejected approximately 69 deficient writs submitted by the plaintiff and requested that the plaintiff resubmit each writ with an itemized statement of postjudgment interest, costs and payments.  After the plaintiff's second submission was rejected, the Chief Judge sent the plaintiff's counsel a letter explaining that the writs were once again being returned and requesting that the plaintiff resubmit legible writs with an itemized statement for each.  Returning the plaintiff's writs constitutes an "appropriate sanction" for the plaintiff's failure to provide a "statement verified in the manner provided in MCR 2.114(A)," MCR 3.101(D), if properly ordered by a judge under MCR 2.114(E).  The court may also order on resubmission of those writs additional documentation that it deems helpful in making a determination whether

the writs are conforming. However, none of the court clerk's communications rejecting the plaintiff's writs or requesting the itemized statements were ordered by the chief judge or the judge assigned to each respective writ, and the chief judge's letter to the plaintiff's counsel was not an order, see MCR 2.602. Indeed, the defendant expressly disclaimed reliance on MCR 2.114(E) in a letter from the Deputy Court Administrator that stated: "The Court's position has been that it is reasonable to request documentation in these instances *rather than* pursue possible violations and sanctions" (emphasis added). Because the rejections were not ordered by a judge authorized to impose such sanctions, the Court of Appeals correctly concluded that the judgment of the Oakland Circuit Court should be reversed and that the plaintiff is entitled to a writ of superintending control. We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order.

CAVANAGH, J., would deny leave to appeal.

KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 30, 2008

_____
Clerk

d0527